# UNITED STATES DISTRICT COURT
for the

Middle District of Tennessee

| | |
|---|---|
| United States of America<br>v.<br><br>ANFERNEE LISENBEE<br><br><br>*Defendant(s)* | )<br>)<br>) Case No. 22-mj-4354<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __October 2, 2022__ in the county of __Davidson__ in the __Middle__ District of __Tennessee__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 922(g)(1) | Possession of a firearm by a previously convicted felon |
| 18 U.S.C. 922(0) | Possession of a machinegun |
| 26 U.S.C. 5861(d) | Possession of a Firearm not Registered in the National Firearms Registration and Transfer Record |

This criminal complaint is based on these facts:

Please see the attached statement in support of criminal complaint.

☑ Continued on the attached sheet.

/s/ Michael J. Babiarz
*Complainant's signature*

ATF SA Michael J. Babiarz
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by <u>telephone</u> (specify reliable electronic means).

Date: November 8, 2022

*Judge's signature*

City and state: NASHVILLE, TN — Alistair E. Newbern, United States Magistrate Judge
*Printed name and title*

## STATEMENT IN SUPPORT OF CRIMINAL COMPLAINT

I, AN, having been duly sworn, hereby depose and swear to the following:

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") and have been so employed since March 2016. I am currently assigned to the Nashville Field Division, Nashville VI Field Office. As a Special Agent for the ATF, I investigate various violations of federal law, to include firearms and drug offenses.

2. In my law enforcement career, I have participated in numerous criminal investigations, including those that fall under the investigative jurisdiction of ATF, including, but not limited to, violations involving the unlawful manufacture, sale, and possession of firearms and controlled substances.

3. The following information contained in this Affidavit is based on my training and experience, as well as information provided to me by other law enforcement officials (hereafter collectively referred to as "Agents"), and my review of investigative documents and other materials. I have not included all of the facts of the investigation and have only included the facts that are necessary to establish probable cause for the requested Criminal Complaint and arrest warrant. Any conversations contained herein are not verbatim and are only related in substance and part, except where a conversation includes quotations.

4. This Affidavit is submitted in support of a Criminal Complaint for the arrest of Anfernee LISENBEE for being a Felon in Possession of Ammunition, in violation of Title 18, United States Code, Sections 922(g)(1) and 924; for Unlawfully Possessing a Machinegun, in violation of Title 18, United States Code, Sections 922(o); and Possession of a Firearm not Registered in the National Firearms Registration and Transfer Record, in violation of Title 26, United States Code, Sections 5861(d).

1

5. On or about October 2, 2022, officers of the Clarksville Police Department (CPD) were in the area of 941 Ford Street, Clarksville, Tennessee searching for a wanted person. A CPD Officer observed LISENBEE run towards the back door of the residence and attempt to get inside. The CPD Officer observed LISENBEE holding a small handgun with an extended magazine. LISENBEE subsequently threw the firearm on the roof of the residence. LISENBEE was placed into custody and the firearm was recovered from the roof of the residence.

6. The firearm, a Polymer 80, 9mm pistol, recovered from the roof, was affixed with a "Glock switch" (a device designed to cause the firearm to function as a machine gun) and was loaded with twenty-eight (28) assorted 9mm ammunition cartridges.

7. ATF SA Babiarz conducted a field function test of the firearm, which functioned as a machinegun as defined under Title 26, United States Code, Section 5845(b).

8. A query of the National Firearms Registration and Transfer Record (NFRTR) was conducted which revealed LISENBEE has no National Firearms Act (NFA) firearms registered to him.

9. An ATF interstate nexus expert examined nine (9) of the 9mm ammunition cartridges, which were loaded in the firearm, and gave the opinion that the ammunition had not been manufactured in Tennessee and, therefore, traveled in and affected interstate commerce prior to October 2, 2022.

10. A background check on LISENBEE revealed that he was convicted of Schedule II Drugs on or about March 10, 2015, in Montgomery County Criminal Court Case Number 41400860 and he received an 8-year sentence in the Tennessee Department of Corrections (TDOC). Additionally, LISENBEE was convicted of Possession of a Weapon- Convicted Felon on or about January 19, 2018, in Montgomery County Criminal Court Case Number CC17-CR-

195 and received a 4 year sentence in TDOC. Given these facts, I submit that there is probable cause to believe that LISENBEE knew of his status as a convicted felon prior to October 2, 2022.

11. Based upon the foregoing facts, I submit that there is probable cause to believe that LISENBEE was a Felon in Possession of a Ammunition, in violation of Title 18, United States Code, Sections 922(g)(1) and 924; Unlawfully Possessed a Machinegun, in violation of Title 18, United States Code, Sections 922(o); and Possessed a Firearm not Registered in the National Firearms Registration and Transfer Record, in violation of Title 26, United States Code, Sections 5861(d), and I request that a warrant be issued for his arrest.